1  FRITZ CLAPP   (Bar No. 99197)
   Attorney at Law
2  P.O. Box 340458
   Sacramento, CA  95834-0458
3  Telephone:   888-292-5784
   Facsimile:    888-467-2341
4  E-mail:        <mail@fritzclapp.com>

5  Attorney for Plaintiff
   HELLS ANGELS MOTORCYCLE CORPORATION
6

7

8

9                   UNITED STATES DISTRICT COURT

10                  EASTERN DISTRICT OF CALIFORNIA

11

| 12 | **HELLS ANGELS MOTORCYCLE CORPORATION**, | Case No. |
|---|---|---|
| 13 |  |  |
| 14 | Plaintiff, | **COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND DILUTION** |
| 15 | v. |  |
| 16 | **YOMEGA CORPORATION, TOYS"R"US, INC.,** | **(INJUNCTIVE RELIEF SOUGHT)** |
| 17 | **and DOES 1 through 20,** | **DEMAND FOR JURY TRIAL** |
| 18 | Defendants. |  |

19

20      Plaintiff, HELLS ANGELS MOTORCYCLE CORPORATION, by and through its

21  undersigned attorney, hereby complains as follows:

22                              **JURISDICTION**

23      1.    This action arises under the Trademark Act of 1946 (the Lanham Act), as

24  amended by the Federal Trademark Dilution Act of 1995 (15 U.S.C. §§ 1051 *et seq.*). This

25  court has jurisdiction over such claims pursuant to 28 U.S.C. § 1331 (federal question), 28

26  U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), and 15 U.S.C. § 1121(a)

27  (Lanham Act).

28      2.    The court has personal jurisdiction over Defendants YOMEGA and TOYS

because, upon information and belief, said defendants conduct business and sell infringing products in California, have committed tortious acts in California, have availed themselves of the rights to and benefits in California law, and have engaged in substantial and continuing contacts with California that make the exercise of personal jurisdiction proper.

## VENUE

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims herein occurred in this District and because the Defendants are found and conduct business within this District.

## INTRADISTRICT ASSIGNMENT

4. This action arises from acts committed by Defendants and causing damages within Placer County, California, and accordingly it is commenced in Sacramento, California, pursuant to L.R. 120(d).

## PARTIES

5. Plaintiff HELLS ANGELS MOTORCYCLE CORPORATION ("HAMC") is now, and at all relevant times was, a non-profit mutual benefit corporation organized and existing under the laws of the State of California.  Plaintiff HAMC is the owner of the trademarks described herein, which it administers on behalf of, and for the benefit of, the Hells Angels Motorcycle Club.

6. Defendant YOMEGA CORP. ("YOMEGA") is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with principal offices at 1950 Fall River Avenue, Seekonk, Massachusetts 02771.  Defendant YOMEGA conducts business within this District and throughout the United States by the distribution and sale of toys.

7. Defendant TOYS"R"US, INC. ("TOYS") is, on information and belief, a corporation organized and existing under the laws of the State of Delaware, with principal offices at One Geoffrey Way, Wayne, New Jersey 07470.  Defendant TOYS is the world's leading toy and juvenile products retailer, conducting its business within this District and throughout the United States and abroad through its "Toys-R-Us" stores which offer and sell

1  merchandise including that of Defendant YOMEGA.

2      8.    On information and belief, DOES 1 through 20, inclusive, are persons and entities of unknown form who have commissioned, created, fabricated, displayed, distributed and/or sold the infringing items of Defendant YOMEGA complained of herein, and are legally responsible for injuries and damages to Plaintiff as herein alleged. Plaintiff will amend this complaint when the true names and capacities of said defendants have been ascertained.

## PLAINTIFF'S MARKS

9.    Plaintiff HAMC and its predecessor in interest, an unincorporated association known as the Hells Angels Motorcycle Club, have continuously employed the design mark depicting a skull with wings (the "HAMC Death Head Mark") as a collective membership mark, trademark and service mark used in connection with the promotion, advertising, conduct and expansion of a motorcycle club, including indicia of membership, and on authorized items for members only.

10.    From more than half a century of continuous and conspicuous usage, the HAMC Death Head Mark is famous. The HAMC Death Head Mark is widely known and recognized by the public as indicating the Hells Angels Motorcycle Club. Plaintiff HAMC and its predecessors in interest have exercised legitimate control over the membership, trade and service uses of the HAMC Death Head Mark by the duly authorized affiliates and licensees, and have been diligent and successful in abating the use of the HAMC Death Head Mark by unauthorized third parties.

11.    Plaintiff HAMC is the owner of United States trademark registrations for the HAMC Death Head Mark, as further described in Exhibit A attached hereto and incorporated by this reference.

12.    Plaintiff's registrations for the HAMC Death Head Mark have become incontestible under 15 U.S.C. §1065. These registrations are, therefore, conclusive evidence of Plaintiff's exclusive right to use the HAMC Death Head Mark.

//

13. From decades of notoriety, the HAMC Death Head Mark has acquired very widespread public recognition; consequently it evokes strong and immediate reactions whenever used. The impact of this mark is dramatic, and as a result it has great commercial value. Defendants seek to exploit that value for their own gain.

## DEFENDANTS' INFRINGEMENTS

14. On information and belief, Defendant YOMEGA designed, manufactured, distributed and/or sold a quantity of yo-yos (hereinafter the "infringing items") that bear a design confusingly similar to the HAMC Death Head Mark, as shown on Exhibit B attached hereto and incorporated by this reference.

15. Defendants YOMEGA, TOYS, and DOES 1 through 20, and each of them, have obtained substantial profits from their infringement and exploitation of the HAMC Death Head Mark as herein alleged.

16. The actions of Defendants, and each of them, have caused and will cause Plaintiff HAMC irreparable harm for which money damages and other remedies are inadequate. Unless Defendants, and each of them, are restrained by this Court, they will continue and/or expand the illegal activities alleged in this Complaint and otherwise continue to cause great and irreparable damage and injury to Plaintiff. Accordingly, in addition to other relief sought, Plaintiff HAMC is entitled to preliminary and permanent injunctive relief against Defendants YOMEGA, TOYS and DOES 1 through 20, and all persons acting in concert with them.

## PLAINTIFF'S NOTICES TO DEFENDANTS

17. On June 21, 2012, Plaintiff gave written notice to Defendant YOMEGA of its infringement claims and its demand that Defendant YOMEGA cease and provide a full accounting. Defendant YOMEGA responded but has refused to recall its infringing items and has failed to provide a full accounting of its infringements.

18. On or about September 26, 2012, Plaintiff sent written notice by email and facsimile to Defendant TOYS at its corporate headquarters. Defendant TOYS has failed to respond to Plaintiff's notice and demand.

19. On or about October 4, 2012, a copy of Plaintiff's written notice and demand that Defendant TOYS cease display and sale of the infringing item was personally delivered to Mr. Jeremy Scott, manager of the Toys"R"Us store located at 6780 Stanford Ranch Rd., Roseville, California 95678.  Despite such notice, the infringing items remain on display and sale at the Roseville Toys"R"Us store.

### FIRST CLAIM
**Federal Trademark Infringement**
**(Lanham Act § 32 – 15 U.S.C. §§ 1114-1117)**

20. Plaintiff HAMC realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 19 of this Complaint.

21. Without consent of Plaintiff HAMC, Defendants YOMEGA, TOYS and DOES 1 through 20, and each of them, have used, in connection with the sale, offering for sale, distribution or advertising of the infringing items, designs that infringe upon the HAMC Death Head Mark.

22. These acts of infringement have been committed with the intent to cause confusion, mistake or deception, and are in violation of 15 U.S.C. § 1114.

23. As a direct and proximate result of the infringing activities of Defendants YOMEGA, TOYS and DOES 1 through 20, and each of them, Plaintiff HAMC has suffered substantial damage.

24. Defendants' infringement of the HAMC Death Head Mark as alleged herein is an exceptional case and was intentional, entitling Plaintiff HAMC to treble the actual damages and to an award of attorneys' fees under 15 U.S.C. §§ 1117(a) and 1117(b).

### SECOND CLAIM
**Federal Unfair Competition**
**(Lanham Act § 43(a) – 15 U.S.C. § 1125(a))**

25. Plaintiff HAMC realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 24 of this Complaint.

26. Defendants' conduct constitutes the use of words, symbols or devices tending falsely to describe the infringing items, within the meaning of 15 U.S.C. § 1125(a)(1). Defendants' conduct is likely to cause confusion, mistake, or deception by or in the public as

to the affiliation, connection, association, origin, sponsorship or approval of the infringing items to the detriment of Plaintiff HAMC and in violation of 15 U.S.C. § 1125(a)(1).

27. As a direct and proximate result of the infringing activities of Defendants YOMEGA, TOYS and DOES 1 through 20, and each of them, Plaintiff HAMC has suffered substantial damage.

**THIRD CLAIM**
**Federal Dilution of Famous Mark**
**(Federal Trademark Dilution Act of 1995)**
**(Lanham Act § 43(c) – 15 U.S.C. § 1125(c))**

28. Plaintiff HAMC realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 27 of this Complaint.

29. The HAMC Death Head Mark is distinctive and famous within the meaning of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c), as amended.

30. Defendants' activities have diluted or are likely to dilute the distinctive quality of the HAMC Death Head Mark in violation of 15 U.S.C. § 1125(c), as amended.

31. Plaintiff HAMC is entitled to injunctive relief pursuant to 15 U.S.C. § 1125(c).

32. Because Defendants willfully intended to trade on Plaintiff HAMC's reputation or to cause dilution of the HAMC Death Head Mark, Plaintiff HAMC is entitled to damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

//

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff HAMC prays that this Court grant it the following relief:

a.) Adjudge that the HAMC Death Head Mark has been infringed by Defendants in violation of the rights of Plaintiff HAMC under 15 U.S.C. § 1114;

b.) Adjudge that Defendants have competed unfairly with Plaintiff HAMC in violation of its rights under 15 U.S.C. § 1125(a);

c.) Adjudge that Defendants' activities are likely to, or have, diluted the famous HAMC Death Head Mark in violation of the rights of Plaintiff HAMC under 15 U.S.C. § 1125(c);

1  d.) Adjudge that Defendants, their subsidiaries, parent and affiliated companies, successors, assigns, agents, and employees, and all others acting for, with, by, through or in concert with Defendants, shall be enjoined and restrained at first during the pendency of this action and thereafter permanently from using the HAMC Death Head Mark, and any other mark, word, name or symbol that is likely to cause confusion with, or cause dilution of, the HAMC Death Head Mark;

e.) Adjudge that Defendants be required immediately to recall and sequester their inventories of the infringing items, and to supply an accounting of such inventories to Plaintiff HAMC's counsel;

f.) Adjudge that Defendants be required to deliver their entire inventories of the infringing items to a mutually selected third party for supervised destruction;

g.) Adjudge that Defendants, within thirty (30) days after service of the judgment demanded herein, be required to file with this Court and serve upon counsel for Plaintiff HAMC a written report under oath setting forth in detail the manner in which they have complied with the judgment;

h.) Adjudge that Plaintiff HAMC recover from Defendants its damages in an amount to be proven at trial;

i.) Adjudge that Defendants be required to account for any profits that are attributable to its illegal acts, and that Plaintiff HAMC be awarded three times Defendants' profits under 15 U.S.C. § 1117, plus prejudgment interest;

j.) Order an accounting of and impose a constructive trust on all of Defendants' funds and assets that arise out of Defendants' infringing activities;

k.) Adjudge that Defendants be required to pay exemplary damages for fraud, malice and gross negligence, whether grounded on proof of actual damages or on proof of unjust enrichment;

l.) Adjudge that Plaintiff HAMC be awarded the costs of this action, together with reasonable attorney's fees and disbursements; and

m.) Adjudge that all such other and further relief be awarded to Plaintiff HAMC as

1  the Court deems just and equitable.

2  Dated:  October 10, 2012

_____
FRITZ CLAPP
Attorney for Plaintiff HELLS ANGELS
MOTORCYCLE CORPORATION

## JURY DEMAND

Plaintiff hereby demands trial by jury of all issues triable herein, pursuant to Fed. R. Civ. P. 38(b).

Dated:  October 10, 2012

_____
FRITZ CLAPP
Attorney for Plaintiff HELLS ANGELS
MOTORCYCLE CORPORATION