IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NO. **2:12−CV−02541−MCE−EFB**

**HELLS ANGELS MOTORCYCLE CORPORATION ,**

        Plaintiff,

vs.

**YOMEGA CORPORATION, ET AL. ,**

        Defendant(s).

ORDER REQUIRING JOINT STATUS REPORT

    This action has been assigned to the Honorable Morrison C. England, Jr. Pursuant to the provisions of Rule 16 of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED THAT:

    1. Plaintiff(s) shall complete service of process on all parties within one hundred and twenty (120) days of the date of the filing of the complaint.

    2. Concurrently with the service of process, or as soon thereafter as possible, plaintiff(s) shall serve upon each of the parties named in the complaint, and upon all parties subsequently joined, a copy of this Order, and shall file with the Clerk of the Court a certificate reflecting such service. Any party who impleads a third−party defendant shall serve upon that party a copy of this Order and shall file with the Clerk of the Court a certificate reflecting such service.

/////

1

3. In the event this action was originally filed in a state court and was thereafter removed to this Court, the removing parties shall, immediately following such removal, serve upon each of the other parties named in the complaint, and upon all parties subsequently joined, a copy of this Order and shall file with the Clerk of the Court a certificate reflecting such service.

4. Within sixty (60) days of service of the complaint on any party, or from the date of removal, the parties shall confer as required by Fed. R. Civ. P. 26(f) and shall prepare and submit to the Court a <u>joint status report</u> that includes the Rule 26(f) discovery plan. The joint status report shall address the following matters:

    (a) a brief summary of the claims;

    (b) status of service upon all defendants and cross−defendants;

    (c) possible joinder of additional parties;

    (d) contemplated amendments to the pleadings;

    (e) the *statutory* basis for jurisdiction and venue;

    (f) anticipated discovery and the scheduling of discovery, including:

        (1) what changes, if any, should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;

        (2) the subjects on which discovery may be needed; when discovery should be completed, and whether discovery should be conducted in phases;

        (3) what changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed;

        (4) the timing of the disclosure of expert witnesses and information required by Rule 26(a)(2); and

        (5) proposed dates for discovery cut−off.

    (g) proposed date by which all non−discovery motions shall be filed;

    (h) proposed dates for final pretrial conference and trial;

    (i) estimate of days of trial, and whether any party has demanded a jury;

1       (j) appropriateness of special procedures such as reference to a special master or agreement to try the matter before a magistrate judge pursuant to 28 U.S.C. 636(c);

       (k) proposed modification of standard pretrial procedures due to the special nature of the case;

       (l) whether the case is related to any other case, including any matter involving bankruptcy;

       (m) prospects for settlement, including whether a settlement conference should be scheduled; and

       (n) any other matters that may be conducive to the just and expeditious disposition of the case, including whether counsel will waive any disqualification and stipulate to the trial judge acting as a settlement judge.

   5. The Court, upon review of the joint status report may:

       (a) issue a Pretrial (Status) Scheduling Order incorporating the suggestions of counsel as contained in the joint status report;

       (b) by minute order, set a status conference to be held either by telephone or in person.

       (c) by minute order, require the parties to submit a supplemental joint status report to clarify and or complete the responses required by paragraph 4, above.

   6. If the parties agree to a settlement conference, a settlement judge will be randomly assigned to the case. If the parties specifically request that the assigned District Judge or Magistrate Judge conduct the settlement conference, the parties shall file the appropriate waiver of disqualification in accordance with Local Rule 270(b). The waiver of disqualification shall be filed concurrently with the Joint Status Report.

   7. A Pretrial (Status) Scheduling Order will be issued regarding future proceedings in the case. Counsel are directed to read the order carefully. Requests to modify or vacate any date or other limitation set forth in the order are not favored and will not be granted absent good cause.

/////

/////

1  8. Any briefs or other papers filed prior to the issuance of the Pretrial (Status) Scheduling
2  Order shall not exceed twenty (20) pages. Any party wishing to file lengthier documents must
3  first seek relief from said page limitation requirement from the Court.
4  9. In order to assist the Court in meeting its recusal responsibilities, any non−governmental
5  corporate party to this action shall submit a statement identifying all its parent corporations
6  and listing any publicly held company that owns ten percent (10%) or more of the party's stock.
7  Such statement shall be included in the parties' joint status report. Thereafter, if there is any
8  change in the information, the party shall file and serve a supplemental statement within a
9  reasonable time after such change occurs.
10  10. In accordance with L.R. 160, counsel are to immediately notify the courtroom
11  deputy and chambers of any settlement or other disposition of the case.

 /s/ Stephanie Deutsch
Stephanie Deutsch
Courtroom Deputy
Tel (916) 930−4207
Fax (916) 491−3955
e−mail: sdeutsch@caed.uscourts.gov