Matthew L. Seror (SBN:  235043)
  *mseror@buchalter.com*
Michael J Muse-Fisher (SBN:  253232)
  mmfisher@buchalter.com
BUCHALTER NEMER
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA  90017-2457
Telephone: (213) 891-0700
Fax: (213) 896-0400

Attorneys for Defendants
TOYS "R" US – DELAWARE, INC.,
erroneously sued as TOYS "R" US, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELLS ANGELS MOTORCYCLE CORPORATION,<br><br>              Plaintiff,<br><br>      vs.<br><br>YOMEGA CORPORATION; TOYS "R" US, INC.; and DOES 1 through 20,<br><br>              Defendants. | Case No. 2:12-cv-02541-MCE-AC<br><br>**ANSWER TO COMPLAINT BY TOYS "R" US, INC.**<br><br>**DEMAND FOR JURY TRIAL** |

        Defendant TOYS "R" US- DELAWARE, INC., erroneously sued as

TOYS "R" US, INC. ("Defendant") answers the Complaint filed by plaintiff

HELLS ANGEL MOTORCYCLE CORPORATION ("Plaintiff" or

"Hells Angels") as follows:

        1.      In response to Paragraph 1 of the Complaint, Defendant denies any

and all liability.  Defendant admits that Plaintiff purports to assert claims and seeks

damages pursuant to the Trademark Act of 1946, as amended by the Federal

Trademark Dilution Act of 1995.

///

///

1       2.     Defendant denies the allegations made in Paragraph 2 of the

2   Complaint.

3       3.     Paragraph 3 of the Complaint states a legal conclusion which

4   Defendant is not required to admit or deny.

5       4.     Paragraph 4 of the Complaint states a legal conclusion which

6   Defendant is not required to admit or deny.

7       5.     Defendant lacks sufficient knowledge or information to either admit or

8   deny the allegations contained in Paragraph 5 of the Complaint and, on that basis,

9   denies each and every allegation contained therein.

10      6.     Defendant lacks sufficient knowledge or information to either admit or

11  deny the allegations contained in Paragraph 6 of the Complaint and, on that basis,

12  denies each and every allegation contained therein.

13      7.     Defendant admits that it is a Delaware corporation with its

14  principal place of business at One Geoffrey Way, Wayne, New Jersey, 07470.

15  Defendant further admits that it operates the Toys "R" Us stores located in the

16  United States and offers for sale and sells products purchased from Defendant

17  Yomega Corporation.  Defendant denies or is without sufficient information to

18  either admit or deny the remaining allegations in this Paragraph.

19      8.     Defendant denies the allegations contained in Paragraph 8 of the

20  Complaint.

21      9.     Defendant lacks sufficient knowledge or information to either admit or

22  deny the allegations contained in Paragraph 9 of the Complaint and, on that basis,

23  denies each and every allegation contained therein.

24      10.    Defendant lacks sufficient knowledge or information to either admit or

25  deny the allegations contained in Paragraph 10 of the Complaint and, on that basis,

26  denies each and every allegation contained therein.

27  ///

28  ///

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

2

**ANSWER**

BN 12707300v1

1       11.    Defendant lacks sufficient knowledge or information to either admit or

2 deny the allegations contained in Paragraph 11 of the Complaint and, on that basis,

3 denies each and every allegation contained therein.

4       12.    Defendant lacks sufficient knowledge or information to either admit or

5 deny the allegations contained in Paragraph 12 of the Complaint and, on that basis,

6 denies each and every allegation contained therein.

7       13.    Defendant lacks sufficient knowledge or information to either admit or

8 deny the allegations contained in Paragraph 13 of the Complaint and, on that basis,

9 denies each and every allegation contained therein.

10       14.    Defendant denies the allegations contained in Paragraph 14 of the

11 Complaint.

12       15.    Defendant denies the allegations contained in Paragraph 15 of the

13 Complaint.

14       16.    Defendant denies the allegations contained in Paragraph 16 of the

15 Complaint.

16       17.    Defendant lacks sufficient knowledge or information to either admit or

17 deny the allegations contained in Paragraph 17 of the Complaint and, on that basis,

18 denies each and every allegation contained therein.

19       18.    At the present time Defendant lacks sufficient knowledge or

20 information to either admit or deny the allegations contained in Paragraph 18 of the

21 Complaint and, on that basis, denies each and every allegation contained therein

22       19.    Defendant lacks sufficient knowledge or information to either admit or

23 deny the allegations contained in Paragraph 19 of the Complaint and, on that basis,

24 denies each and every allegation contained therein.

25       20.    For its response to paragraph 20 of the Complaint, Defendant

26 incorporates by reference its responses to Paragraphs 1-19, inclusive, of this

27 Answer as if said responses were set forth herein.

28 ///

21.   Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.   Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.   Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.   Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.   For its response to paragraph 25 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1-24, inclusive, of this Answer as if said responses were set forth herein.

26.   Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.   Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.   For its response to paragraph 28 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1-27, inclusive, of this Answer as if said responses were set forth herein.

29.   Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.   Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.   Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.   Defendant denies the allegations contained in Paragraph 32 of the Complaint.

///

///

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

(Failure to State a Claim)

1.    Plaintiff has failed to allege any claim against the Defendant for which relief may be granted.

### Second Affirmative Defense

(No Likelihood of Confusion)

2.    There is no likelihood of confusion as between Plaintiff's alleged trademarks and Defendant's products.

### Third Affirmative Defense

(Plaintiff's Mark Not Inherently Distinctive)

3.    The Plaintiff's mark as alleged in the Complaint is not inherently distinctive.

### Fourth Affirmative Defense

(No Confusion As to Source of Origin)

4.    The product at issue will not mistakenly be thought by the public to derive from the same source as Plaintiff's goods, nor will such use be thought by the public to be a use by Plaintiff or with Plaintiff's authorization or approval.

### Fifth Affirmative Defense

(No Secondary Meaning)

5.    Plaintiff's mark, as alleged in the Complaint, have not become distinctive through the acquisition of a secondary meaning.

### Sixth Affirmative Defense

(Abandonment)

6.    Plaintiff claims are barred and Plaintiff is not entitled to the relief sought in its Complaint because the marks identified in the Complaint have been abandoned by the Plaintiff.

///

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

5

**ANSWER**

BN 12707300v1

Seventh Affirmative Defense

(Fair Use)

7. Defendant's use of the image alleged to be infringing is descriptive of and used fairly and in good faith, thus there is no infringement or violation of Plaintiff's trademark rights.

Eighth Affirmative Defense

(Lack of Damages)

8. Defendant alleges that Plaintiff has sustained no loss or damages as a result of Defendant's alleged conduct.

Ninth Affirmative Defense

(Mitigation of Damages)

9. Defendant alleges that Plaintiff has failed to mitigate the damages, if any, that Plaintiff has allegedly suffered.

Tenth Affirmative Defense

(Plaintiff's Mark Is Not Famous)

10. Plaintiff's Mark, as alleged in the Complaint, is not a famous mark and therefore do not qualify for protection under the federal (or state) dilution statutes.

Eleventh Affirmative Defense

(Fraud and Unclean Hands)

11. Plaintiff's claims are barred by the doctrines of fraud and unclean hands.

Twelfth Affirmative Defense

(Cancellation)

12. Plaintiff is not entitled to recover the relief sought in its Complaint because Plaintiff's Mark, as alleged in the Complaint, are subject to cancellation.

Thirteenth Affirmative Defense

(Justification)

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

**ANSWER**

BN 12707300v1

13.    Defendant acted in good faith, with absence of malicious intent to injure Plaintiff, and with conduct which was lawful, proper, and justified based upon its engagement in legal business practices.

### Fourteenth Affirmative Defense

### (Estoppel, Laches, and/or Waiver)

14.    Each of Plaintiff's claims is barred by doctrines of estoppel, laches, and/or waiver.

### Fifteenth Affirmative Defense

### (Unclean Hands)

15.    Each of plaintiff's claims is barred because plaintiff has engaged in behavior which constitutes unclean hands and, therefore, plaintiff is not entitled for any relief.

### Sixteenth Affirmative Defense

### (Loss of Distinctiveness)

16.    Defendant alleges that Plaintiff's claims are barred as Plaintiff's alleged mark, to the extent that they ever had acquired any distinctiveness, have lost such distinctiveness or have become generic.

### Seventeenth Affirmative Defense

### (Non-Trademark Use)

17.    There is no infringement of Plaintiff's mark as claimed in the Complaint because Defendants have not used the allegedly infringing image as a source identifier or trademark.

### Eighteenth Affirmative Defense

### (Reservation of Defenses)

18.    Defendant alleges that they have insufficient knowledge or information upon which to form a belief as to whether they may have additional, and as yet unstated affirmative defenses available, and reserve the right to assert

1   such additional defenses in the event that further discovery, investigation or

2   analysis indicate they are proper.

3                          **<u>PRAYER FOR RELIEF</u>**

4          WHEREFORE, Defendant prays for judgment against plaintiff and Hells

5   Angeles Motorcycle Corporation as follows:

6          1.      That Plaintiff takes nothing by way of the Complaint;

7          2.      For its reasonable attorneys' fees;

8          3.      For its costs of suit incurred herein; and

9          4.      For such other relief as this Court deems just and proper.

10  DATED:      November 28, 2012          BUCHALTER NEMER
                                           A Professional Corporation

11

12                                         By:   /s/ Matthew L. Seror
                                           Attorneys for Defendant
13                                         TOYS "R" US – DELAWARE, INC.,
                                           erroneously sued as TOYS "R" US, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2       Defendant hereby demands trial by jury of all issues triable, pursuant to

3   Fed. R. Civ. P. 28(b)

4   DATED:       November 28, 2012       BUCHALTER NEMER
                                          A Professional Corporation
5

6                                         By: __/s/ Matthew L. Seror_____
                                          Attorneys for Defendant
7                                         TOYS "R" US – DELAWARE, INC.,
                                          erroneously sued as TOYS "R" US, INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28