Matthew L. Seror (SBN: 235043)
  *mseror@buchalter.com*
Michael J Muse-Fisher (SBN: 253232)
  mmfisher@buchalter.com
BUCHALTER NEMER
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA  90017-2457
Telephone: (213) 891-0700
Fax: (213) 896-0400

Attorneys for Defendant/Counterclaimant
YOMEGA CORP. and Defendant TOYS "R" US – DELAWARE, INC., erroneously sued as TOYS "R" US, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELLS ANGELS MOTORCYCLE CORPORATION,<br><br>          Plaintiff,<br><br>     vs.<br><br>YOMEGA CORPORATION; TOYS "R" US, INC.; and DOES 1 through 20,<br><br>          Defendants.<br><br>―――――――――――――――――<br><br>YOMEGA CORPORATION,<br><br>          Counterclaimant,<br>     vs.<br><br>HELLS ANGELS MOTORCYCLE CORPORATION, and ROES 1 through 10.<br><br>          Counter-Defendant. | Case No. 2:12-cv-02541-MCE-AC<br><br>**COUNTERCLAIM FOR CANCELLATION OF TRADEMARK REGISTRATIONS**<br><br>**DEMAND FOR JURY TRIAL** |

Counterclaimant Yomega Corp. (Yomega") as and for its Counterclaim in this action against Plaintiff/Counter-Defendant Hells Angeles Motorcycle Corporation ("Hells Angels"), alleges and avers as follows:

1

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 12890161v1

**COUNTERCLAIM FOR CANCELLATION OF TRADEMARK REGISTRATIONS**
**Case No. 2:12-CV-02541 MCE (AC)**

## JURISDICTION

1. This is an action for cancellation of a federal trademark registration under the laws of the United States. This Court has jurisdiction pursuant to 15 U.S.C. §§ 1119 and 1121(a) and 28 U.S.C. §§ 1331 and 1338(a) in that this case arises under the laws of the United States pursuant to the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*

2. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(c) because, on information and belief, Hells Angels does substantial business in and is subject to personal jurisdiction in this judicial district.

3. Yomega is a corporation organized and existing under the laws of the State of Massachusetts with offices at 1950 Fall River Avenue, Seekonk, Massachusetts, 02771. Yomega is a manufacturer and seller of yo-yos.

4. Hells Angels is, on information and belief, a corporation organized and existing under the laws of the State of California and the registrant of record for the following trademark registrations: HAMC Death Head design mark, Registration No. 3,311,550 and HAMC Death Head design mark, Registration No. 3,666,916.

5. Yomega hereby counterclaims seeking the cancellation of (1) Registration No. 3,311,550 issued to Hells Angels for the HAMC Death Head design mark; and (2) Registration No. 3,666,916 issued to Hells Angels for the mark HAMC Death Head design.

## FIRST CLAIM FOR RELIEF

### Cancellation of Registration No. 3,311,550 pursuant to 15 U.S.C. 1064

6. Hells Angels is registrant of record for the HAMC Death Head design mark, Registration, No. 3,311,550.

7. Yomega is informed and believes, and on that basis alleges, that Hells Angels obtained registration of the HAMC Death Head design mark,

2

COUNTERCLAIM FOR CANCELLATION OF TRADEMARK REGISTRATIONS
Case No. 2:12-CV-02541 MCE (AC)

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 12890161v1

1  Registration, No. 3,311,550, for use in connection with the following goods and
2  services: Clocks, pins and rings.

3       8.    Yomega is informed and believes, and on that basis alleges, that
4  Registration No. 3,311,550 was obtained fraudulently in that the formal application
5  papers filed by Hells Angels contained Hells Angels' affirmative statement that
6  Hells Angels had a good-faith intent to use the HAMC Death Head design mark,
7  Registration No. 3,311,550 in connection with the goods and services listed in
8  Paragraph 7 herein.  Yomega is informed and believes, and on that basis alleges,
9  that Hells Angels has not ever used, does not presently use, or never planned to use
10 the HAMC Death Head design mark, Registration, No. 3,311,550 in connection
11 with all of the goods and services identified in Paragraph 7 herein.  Said statement
12 was made of an authorized agent of Hells Angels with the knowledge and belief
13 said statement was false.  Said false statement was made with the intent to induce
14 authorized agents of the United States Patent and Trademark Office to grant said
15 registration, and, reasonably relying on the truth of said false statements, the
16 United States Patent and Trademark Office did, in fact, grant such registration.

17      9.    Registration No. 3,311,550 was obtained fraudulently in that the
18 formal application papers filed by Hells Angels included a signed declaration that
19 Hells Angels had the bona fide intent to use the HAMC Death Head design mark,
20 Registration, No. 3,311,550 mark in commerce in the U.S. in connection with the
21 goods and services included in the initial designation.

22      10.    Said statement was made by an authorized agent of Hells Angels with
23 the intent to induce agents of the United States Patent and Trademark Office to
24 grant said initial designation, and reasonably relying upon the truth of said false
25 statement, the United States Patent and Trademark Office did, in fact, grant such
26 initial designation.

27
28

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

**COUNTERCLAIM FOR CANCELLATION OF TRADEMARK REGISTRATIONS**
**Case No. 2:12-CV-02541 MCE (AC)**

BN 12890161v1

11. Hells Angels' representations to the United States Patent and Trademark Office were false.

12. Hells Angels knew that the representations were false.

13. Hells Angels knowingly made a material misrepresentation to the United States Patent and Trademark Office to procure registration for its HAMC Death Head design mark, Registration, No. 3,311,550.

14. Hells Angels intended to deceive the United States Patent and Trademark Office.

15. The United States Patent and Trademark relied on the representations when issuing a registration for Hells Angels' HAMC Death Head design mark, Registration, No. 3,311,550.

16. The Trademark Office would not have registered Hells Angels' HAMC Death Head design mark, Registration, No. 3,311,550 but for the misrepresentations.

17. Hells Angels' actions in the filing of its application to register the HAMC Death Head design mark, Registration, No. 3,311,550 constitute fraud *ab initio*, thereby invalidating Hells Angels' registration for the HAMC Death Head design mark, Registration, No. 3,311,550. Accordingly, Hells Angels' registration for the HAMC Death Head design mark, Registration, No. 3,311,550 should be struck from the register in its entirety.

18. Upon information and belief, to the extent there was any use of the HAMC Death Head design mark, Registration, No. 3,311,550 in connection with the sale of the goods and services identified in Paragraph 7 herein, Hells Angels' nonuse of the HAMC Death Head design mark, Registration, No. 3,311,550 with the intent not to resume use has resulted in abandonment of the HAMC Death Head design mark, Registration, No. 3,311,550.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

4

**COUNTERCLAIM FOR CANCELLATION OF TRADEMARK REGISTRATIONS**
**Case No. 2:12-CV-02541 MCE (AC)**

BN 12890161v1

19. Upon information and belief, to the extent there was any use of the HAMC Death Head design mark, Registration, No. 3,311,550 in connection with the sale of the goods and services identified in Paragraph 7 herein, Hells Angels course of conduct has caused the mark to lose significance as an indication of source.

20. In light of the foregoing allegation, Hells Angeles' HAMC Death Head design mark, Registration, No. 3,311,550, is invalid and should be cancelled.

21. In light of the foregoing allegations, Yomega believes that it is being damaged seriously and irreparably by the continuance of the HAMC Death Head design mark, Registration, No. 3,311,550, as Hells Angels is attempting to use this mark to impair Yomega's ability to sell its products.

## SECOND CLAIM FOR RELIEF

## Cancellation of Registration No. 3,666,916 pursuant to 15 U.S.C. 1064

22. Hells Angels is the registrant of record for the HAMC Death Head design mark, Registration No. 3,666,916.

23. Yomega is informed and believes, and on that basis alleges, that Hells Angels obtained registration of the HAMC Death Head design mark, Registration No. 3,666,916, for use in connection with the following goods and services:

> Jewelry, jewelry pins, clocks, and watches, earrings, key rings made of precious metal, badges made of precious metal, and chains made of precious metal, books, booklets and newspapers concerning motorcycle clubs, posters, calendars and adhesive labels, shirts, t-shirts, pullovers, jackets, sweaters, sweat pants, trousers, vests, caps with visors, headwear and footwear, belt buckles, ornamental novelty badges, ornamental cloth patches and embroidered patches for clothing, , entertainment services, namely, arranging and conducting concerts, parties, rallies and special events.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

5

COUNTERCLAIM FOR CANCELLATION OF TRADEMARK REGISTRATIONS
Case No. 2:12-CV-02541 MCE (AC)

BN 12890161v1

24. Yomega is informed and believes, and on that basis alleges, that Registration No. 3,666,916 was obtained fraudulently in that the formal application papers filed by Hells Angels contained Hells Angels' affirmative statement that Hells Angels had a good faith intent to use the HAMC Death Head design mark, Registration No. 3,666,916 in connection with the goods listed in Paragraph 23 herein. Yomega is informed and believes, and on that basis alleges, that Hells ngels has not ever used, does not presently use, or never planned to use the HAMC Death Head design mark, Registration No. 3,666,916 in connection with all of the goods identified in Paragraph 23 herein. Said statement was made of an authorized agent of Hells Angels with the knowledge and belief said statement was false. Said false statement was made with the intent to induce authorized agents of the United States Patent and Trademark Office to grant said registration, and, reasonably relying on the truth of said false statements, the United States Patent and Trademark Office did, in fact, grant such registration.

25. Registration No. 3,666,916 was obtained fraudulently in that the formal application papers filed by Hells Angels included a signed declaration that Hells Angels had the bona fide intent to use the HAMC Death Head design mark, Registration No. 3,666,916 in commerce in the U.S. in connection with the goods and services included in the initial designation.

26. Said statement was made by an authorized agent of Hells Angels with the intent to induce agents of the United States Patent and Trademark Office to grant said initial designation, and reasonably relying upon the truth of said false statement, the United States Patent and Trademark Office did, in fact, grant such initial designation.

27. Hells Angels' representations to the United States Patent and Trademark Office were false.

28. Hells Angels knew that the representations were false.

6

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

**COUNTERCLAIM FOR CANCELLATION OF TRADEMARK REGISTRATIONS**
**Case No. 2:12-CV-02541 MCE (AC)**

BN 12890161v1

29. Hells Angels knowingly made a material misrepresentation to the United States Patent and Trademark Office to procure registration for Hells Angels' HAMC Death Head design mark, Registration No. 3,666,916.

30. Hells Angels intended to deceive the United States Patent and Trademark Office.

31. The United States Patent and Trademark relied on the representations when issuing a registration for Hells Angels' HAMC Death Head design mark, Registration No. 3,666,916.

32. The Trademark Office would not have registered Hells Angels' HAMC Death Head design mark, Registration No. 3,666,916 but for the misrepresentations.

33. Hells Angels' actions in the filing of its application to register the HAMC Death Head design mark, Registration No. 3,666,916 constitute fraud *ab initio*, thereby invalidating Hells Angels' registration for the HAMC Death Head design mark, Registration No. 3,666,916. Accordingly, Hells Angels' registration for the HAMC Death Head design mark, Registration No. 3,666,916 should be struck from the register in its entirety.

34. Upon information and belief, to the extent there was any use of the HAMC Death Head design mark, Registration No. 3,666,916 in connection with the sale of the goods and services identified in Paragraph 23 herein, Hells Angels' nonuse of the HAMC Death Head design mark, Registration No. 3,666,916 with the intent not to resume use has resulted in abandonment of the HAMC Death Head design mark, Registration No. 3,666,916.

35. Upon information and belief, to the extent there was any use of the HAMC Death Head design mark, Registration No. 3,666,916 in connection with the sale of the goods and services identified in Paragraph 23 herein, Hells Angels'

7

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

**COUNTERCLAIM FOR CANCELLATION OF TRADEMARK REGISTRATIONS**
**Case No. 2:12-CV-02541 MCE (AC)**

BN 12890161v1

course of conduct has caused the mark to lose significance as an indication of source.

38. In light of the foregoing allegation, Hells Angeles' HAMC Death Head design mark, Registration No. 3,666,916 is invalid and should be cancelled.

37. In light of the foregoing allegations, Yomega believes that it is being damaged seriously and irreparably by the continuance of the HAMC Death Head design mark, Registration No. 3,666,916, as Hells Angels is attempting to use this mark to impair Yomega's ability to sell its products.

## THIRD CLAIM FOR RELIEF

**Cancellation of Registration No. 3,666,916 based on Fraud in the Procurement**

38. Hells Angels is the registrant of record for the HAMC Death Head design mark, Registration No. 3,666,916.

39. Yomega is informed and believes, and on that basis alleges, that Hells Angels obtained registration of the HAMC Death Head design mark, Registration No. 3,666,916, for use in connection with the following goods and services:

> Jewelry, jewelry pins, clocks, and watches, earrings, key rings made of precious metal, badges made of precious metal, and chains made of precious metal, books, booklets and newspapers concerning motorcycle clubs, posters, calendars and adhesive labels, shirts, t-shirts, pullovers, jackets, sweaters, sweat pants, trousers, vests, caps with visors, headwear and footwear, belt buckles, ornamental novelty badges, ornamental cloth patches and embroidered patches for clothing, , entertainment services, namely, arranging and conducting concerts, parties, rallies and special events.

40. Hells Angels filed a Madrid Protocol trademark application and it was assigned No. 0971198. The basis for the Madrid Protocol application was a Community Trademark Application. The Madrid Protocol application designed a U.S. trademark application, which was assigned Serial No. 79056457.

8

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

**COUNTERCLAIM FOR CANCELLATION OF TRADEMARK REGISTRATIONS**
**Case No. 2:12-CV-02541 MCE (AC)**

BN 12890161v1

The U.S. application matured to a United States Trademark Registration, No. 3666916.  When filing the Madrid Protocol application based on a Community Trademark application, Hells Angels declared that it (i) was domiciled in the European Union, (ii) was a national of the European Union or (iii) had a real and effective industrial or commercial establishment with the European Union.  At the time of such declaration, Hells Angels was not domiciled in the European Union, was not a national of the European Union and did not have a real or effective industrial or commercial establishment with the European Union.  Hells Angels fraudulently misrepresented itself to procure a Madrid Protocol registration, and subsequent U.S. trademark registration.

41.   Said statement was made by an authorized agent of Hells Angels with the intent to induce agents of the United States Patent and Trademark Office to grant said initial designation, and reasonably relying upon the truth of said false statement, the United States Patent and Trademark Office did, in fact, grant such initial designation.

42.   Hells Angels' representations to the United States Patent and Trademark Office were false.

43.   Hells Angels knew that the representations were false.

44.   Hells Angels knowingly made a material misrepresentation to procure registration for Hells Angels' HAMC Death Head design mark, Registration No. 3,666,916.

45.   Hells Angels intended to deceive the European Community and the United States Patent and Trademark Office.

46.   The United States Patent and Trademark relied on the representations when issuing a registration for Hells Angels' HAMC Death Head design mark, Registration No. 3,666,916.

9

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

COUNTERCLAIM FOR CANCELLATION OF TRADEMARK REGISTRATIONS
Case No. 2:12-CV-02541 MCE (AC)

BN 12890161v1

47. The Trademark Office would not have registered Hells Angels' HAMC Death Head design mark, Registration No. 3,666,916 but for the misrepresentations.

48. Hells Angels' actions in the filing of its application to register the HAMC Death Head design mark, Registration No. 3,666,916 constitute fraud in the procurement, thereby invalidating Hells Angels' registration for the HAMC Death Head design mark, Registration No. 3,666,916. Accordingly, Hells Angels' registration for the HAMC Death Head design mark, Registration No. 3,666,916 should be struck from the register in its entirety.

49. In light of the foregoing allegation, Hells Angeles' HAMC Death Head design mark, Registration No. 3,666,916 is invalid and should be cancelled.

50. In light of the foregoing allegations, Yomega believes that it is being damaged seriously and irreparably by the continuance of the HAMC Death Head design mark, Registration No. 3,666,916, as Hells Angels is attempting to use this mark to impair Yomega's ability to sell its products.

## PRAYER FOR RELIEF

WHEREFORE, Yomega prays for judgment against Hells Angels as follows:

1. For an order cancelling U.S. Trademark Registration No. 3,311,550;
2. For an order cancelling U.S. Trademark Registration No. 3,666,916;
3. For its reasonable attorneys' fees;
4. For its costs of suit incurred herein; and
5. For such other relief as this Court deems just and proper.

DATED: December 27, 2012        BUCHALTER NEMER
                                A Professional Corporation

                                By: __/s/_____
                                    MATTHEW L. SEROR
                                Attorneys for Defendant/Counterclaimant
                                YOMEGA CORP. and Defendant
                                TOYS "R" US – DELAWARE, INC.,
                                erroneously sued as TOYS "R" US, INC.

10

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

COUNTERCLAIM FOR CANCELLATION OF TRADEMARK REGISTRATIONS
Case No. 2:12-CV-02541 MCE (AC)

BN 12890161v1

## DEMAND FOR JURY TRIAL

Defendant hereby demands trial by jury of all issues triable, pursuant to Fed. R. Civ. P. 28(b)

DATED:    December 27, 2012         BUCHALTER NEMER
                                    A Professional Corporation


                                    By:  /s/
                                       MATTHEW L. SEROR
                                    Attorneys for Defendant/Counterclaimant
                                    YOMEGA CORP. and Defendant
                                    TOYS "R" US – DELAWARE, INC.,
                                    erroneously sued as TOYS "R" US, INC.

11

**COUNTERCLAIM FOR CANCELLATION OF TRADEMARK REGISTRATIONS**
**Case No. 2:12-CV-02541 MCE (AC)**

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 12890161v1