FRITZ CLAPP   (Bar No. 99197)
Attorney at Law
P.O. Box 2517
Beverly Hills, CA  92013-2517
Telephone:   888-292-5784
Facsimile:   888-467-2341
E-mail:       mail@fritzclapp.com
Attorney for Plaintiff and Counter-Defendant
HELLS ANGELS MOTORCYCLE CORPORATION

MATTHEW L. SEROR (Bar No. 235043)
BUCHALTER NEMER
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA  90017-2457
Telephone:   213-891-0700
Facsimile:   213-896-0400
E-mail:       mseror@buchalter.com
Attorneys for Defendants YOMEGA CORPORATION and
TOYS ″R″ US – DELAWARE, INC., and for
Counterclaimant YOMEGA CORPORATION

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| **HELLS ANGELS MOTORCYCLE CORPORATION**,<br><br>    Plaintiff,<br><br>v.<br><br>**YOMEGA CORPORATION, TOYS″R″US, INC.,**<br><br>    Defendants.<br><br>**AND RELATED COUNTERCLAIM** | Case No. 2:12-cv-02541-MCE-AC<br><br><br><br>**JOINT STATUS REPORT** |

    Plaintiff and Counter-Defendant, Hells Angels Motorcycle Corporation ("Plaintiff"), Defendants Yomega Corporation and Toys ″R″ Us – Delaware, Inc (erroneously sued as TOYS″R″US, INC.), and Counterclaimant Yomega Corporation (collectively, "Defendants") hereby submit this Joint Status Report pursuant to Local Rule 240 and this Court's Scheduling Order.

a. <u>Summary of Claims</u>.  Plaintiff claims Defendants created, distributed and sold merchandise (toys), which Plaintiff claims infringe and dilute its registered trademarks and collective membership marks.  Counterclaimant claims two of Plaintiff's trademark registrations are invalid and should be cancelled.

b. <u>Status of Service</u>.  All named parties have appeared.

c. <u>Possible Joinder</u>.  The parties do not anticipate the joinder of any additional parties at this time.

d. <u>Amendments to Pleadings</u>.  Plaintiff and Counterclaimant do not anticipate amending their respective pleadings further, except for possible amendment to identify DOE or ROE defendants after initial disclosures or discovery.

e. <u>Jurisdiction and Venue</u>.  This action arises under the Trademark Act of 1946 (the Lanham Act), as amended by the Federal Trademark Dilution Act of 1995 (15 U.S.C. §§ 1051 et seq.).  This court has jurisdiction over such claims pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), and 15 U.S.C. § 1121(a) (Lanham Act); subject matter jurisdiction is pursuant to 15 U.S.C. §1121(a)(1) for the infringement claims, 15 U.S.C. §1121(c) for the dilution claims, and 15 U.S.C. §1064 for the cancellation claims.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this District and because the Defendants are found and conduct business within this District.

f. <u>Proposed Discovery Plan</u>.

   1. *Rule 26(a) Disclosures*.  Plaintiff and Defendants will serve their initial disclosures on each other on or before March 5, 2013.

   i. *Subjects of Discovery*.  Plaintiff anticipates that it will need to conduct discovery regarding Defendants' creation, fabrication, distribution, display and sale of the items which are the subject of its claims, and regarding Defendants' profits from such acts.  Defendants anticipate that they will conduct discovery regarding: Plaintiff's trademarks,

Plaintiff's applications for same; Plaintiff's uses for its trademarks and the mechanisms whereby Plaintiff obtained its trademarks, including compliance with applicable provisions of the Madrid Protocol. In addition, Defendants will seek discovery on consumer confusion and/or the likelihood thereof related to Defendants' alleged actions; third party use of Plaintiff's marks; the methods and channels of sale of Plaintiff's goods; the strength of Plaintiff's marks; Plaintiff's sales of goods bearing its marks; Plaintiff's alleged damages; the contended fame of Plaintiff's marks; Plaintiff's bona fide use of its marks in interstate commerce; the other likelihood of confusion factors; the selection and development of Plaintiff's marks; Plaintiff's claims and Defendants' defenses to the same; the conduct of the Plaintiff (and its members) related to the discovery of the alleged infringing items and subsequent interactions between members of Plaintiff and Defendants; the grounds for Plaintiff's marks to be cancelled.

2. *Expert Witnesses*. Plaintiff and Defendants will disclose expert witnesses and reports by October 14, 2013.

3. *Limitations*. Plaintiff and Defendants do not believe that any changes to the limitation on discovery imposed by the Federal Rules of Civil Procedure need be imposed. However, a protective order may be necessary as it is possible that documents being sought during discovery may include sensitive financial information.

g. <u>Discovery Cut-Off</u>. Plaintiff and Defendants propose that the discovery cut-off date be August 30, 2013.

h. <u>Motions</u>. Plaintiff and Defendants contemplate that dispositive motions will be brought, and propose they be heard on or about September 16, 2013.

i.   Standard Pretrial Proceedings.  Plaintiff and Defendants do not believe there needs to be any modification of the standard pretrial procedures as set forth in the Federal Rules of Civil Procedure and the Local Rules, including specifically Local Rule 281.

j.   Length of Trial.  The parties estimate that the trial will take 3-4 days.  Plaintiff Counterclaimant have both demanded a jury trial.

k.   Related Cases.  There are no related cases at this time.

l.   Other Matters.  Counsel for the parties understand and have explained to their clients the VDRP rules and process.  The parties agree that they would benefit from participation in the VDRP, and will stipulate to an Order for VDRP Referral.

m.   Status of Settlement Discussions.  The Parties, by and through their counsel, have had preliminary discussions regarding the possibility of settlement.  Further discussions are likely as the Parties work toward a possible resolution.

Dated: February 25, 2013

By: /s/ *signature*
FRITZ CLAPP
Attorney for Plaintiff and Counter-Defendant
HELLS ANGELS MOTORCYCLE CORPORATION

Dated: February 25, 2013   BUCHALTER NEMER

By: /s/
MATTHEW L. SEROR
Attorneys for Defendants YOMEGA CORPORATION and TOYS ″R″ US –
DELAWARE, INC., and for Counterclaimant YOMEGA CORPORATION